# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ABDUR RAHIM PETERS,

          Petitioner,   :  Case No. 1:16-cv-1159

  - vs -                   District Judge Timothy S. Black
                            Magistrate Judge Michael R. Merz

Warden,
  Ross Correctional Institution

                            :

          Respondent.

## REPORT AND RECOMMENDATIONS

With the assistance of counsel, Petitioner Abdur Rahim Peters brought this habeas corpus action under 28 U.S.C. § 2254 to obtain relief from his conviction in the Clermont County Court of Common Pleas (Petition, ECF No. 1). On Magistrate Judge Bowman's Order (ECF No. 3), Respondent has filed the state court record (ECF No. 6) and a Return of Writ (ECF No. 7). Judge Bowman set a deadline for a reply of twenty-one days after the answer was filed (ECF No. 3, PageID 32). However, that time has expired and no reply has been filed. The magistrate judge reference in the case was transferred to the undersigned to help balance the magistrate judge workload in the Western Division of this Court.

1

**Procedural History**

On May 1, 2014, the Clermont County grand jury indicted Petitioner on charges of attempted aggravated murder, attempted murder, six counts of aggravated robbery, six counts of felonious assault, and two counts of aggravated burglary, all with firearm specifications. Pursuant to plea negotiations, Peters pleaded guilty to two counts of aggravated robbery, three counts of felonious assault, and one count of aggravated burglary, all with the firearm specification. He was then sentenced to an aggregate prison term of twenty-seven years. The conviction and sentence were affirmed on direct appeal to the Twelfth District Court of Appeals. *State v. Peters,* 2015-Ohio-2013, 2015 Ohio App. LEXIS 1941, 2015 WL 3385040 (12th Dist. May 26, 2015). Peters did not appeal to the Ohio Supreme Court, but filed a Post-Conviction Brief in the Common Pleas Court (State Court Record, ECF No. 6, PageID 147, et seq.). The Common Pleas Court construed the filing alternatively as a post-conviction petition under Ohio Revised Code § 2953.21 and a motion to withdraw guilty plea and denied relief (Decision/Entry, State Court Record, ECF No. 6, PageID 177, et seq.). The Twelfth District again affirmed. State v. Peters, 2016-Ohio-5288, 2016 Ohio App. LEXIS 3137 (12th Dist. Aug. 8, 2016). Again, Petitioner did not appeal to the Ohio Supreme Court, but filed the instant Petition on December 21, 2016 (ECF No. 1).

# Analysis

Rule 2(d) of the Rules Governing § 2254 Cases requires that the petition in a habeas corpus case "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." This district does not have a prescribed form, so the Petition should have

2

been on the standard form, but is not and, more importantly, does not contain much of the information required by the standard form. In particular, the Petition contains no statement of any ground for relief. The Court reads the Petition to claim that Peters' guilty plea was not knowing, intelligent, and voluntary because he received ineffective assistance of trial counsel (Petition, ECF No. 1, PageID 2). In particular, Peters asserts his trial attorney did not understand Ohio Revised Code § 2929.14(B)(1)(g) about the imposition of multiple firearm specification sentences in certain cases. *Id.* at PageID 6.

The Warden claims review on the merits of this ineffective assistance of trial counsel claim is barred by Peters' procedural default in failing to present it to the state courts, specifically by his failure to appeal to the Ohio Supreme Court from denial of his petition for post-conviction relief. As noted above, Petitioner has not responded at all to this defense.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v.*

3

*Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted).

Review of the record fully supports Respondent's position. Peters procedurally defaulted on his ineffective assistance of trial counsel claim by not appealing to the Ohio Supreme Court. He has not attempted to show excusing cause and prejudice.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 12, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).